UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>GABRIELE EYE INSTITUTE )<br>) | CAUSE NO. 3:09-CR-00068(02)RM |

SENTENCING MEMORANDUM

Gabriele Eye Institute, through its sole medical provider, director and shareholder, Dr. Philip Gabriele, falsely diagnosed patients with cataracts and ptosis and performed unnecessary eye surgeries on patients. Representatives of GEI altered patient charts and records in an effort to make it seem as if the diagnoses and surgeries were medically necessary, when they were not. GEI solicited patients through false advertising and billed patients and health care benefit programs, including Medicare, Indiana Medicaid, and Anthem, for these unnecessary, unwarranted, and insufficiently documented surgeries and procedures. GEI received more than $200,000 to which it wasn't entitled.

GEI pleaded guilty to making false statements in connection with the delivery and payment of health care benefits in violation of 18 U.S.C. § 1035. Neither the government nor the defendant had any objections to the presentence report. The court adopts as its own findings ¶¶ 1-70, specifically including ¶¶ 27-35 and 54-58 concerning GEI's financial condition and earning ability.

A sentencing court must first compute the guidelines sentence correctly, then decide whether the guidelines sentence is the correct sentence for that

defendant. <u>United States v. Santiago</u>, 495 F.3d 820, 825 (7th Cir. 2007). The court employs the 2009 version of the sentencing guidelines.

Neither the presentence report nor the government recommend a fine. Because GEI cannot pay the fines required by the guidelines in addition to restitution even if afforded the most generous of installment payment schedules, the court declines to evaluate GEI's offense and culpability level to determine the applicable fine range. The court imposes no fine.

Restitution and special assessment are mandatory. There were 64 identifiable victims with a loss amount of $205,109.00. GEI must pay restitution to the victims in the amount of $205.109.00. A special assessment of $400.00 is mandatory. 18 U.S.C. § 3013.

The court can impose a term of probation of up to five years. 18 U.S.C. § 3561(a)(1). Pursuant to U.S.S.G. § 8D1.1(a)(1) & (2), the court shall order a term of probation if such a sentence is necessary to secure payment of restitution. As found by the presentence report, GEI is no longer in operation and its two principal officers, Dr. Philip and Mrs. Marcella Gabriele, are deceased. GEI is all but defunct and is unlikely to resurrect in the future. Restitution is to be satisfied through the sale of GEI's assets, namely ophthalmological and/or office equipment. Authorization has been granted to pursue the sale of such assets and the restitution should be satisfied shortly after sentencing. As a result, a term of probation is unnecessary and would be difficult to enforce.

Accordingly, it is the judgment of the court that the defendant, Gabriele Eye Institute, shall make restitution payments to the United States District Court clerk, 102 Robert A. Grant Federal Building, 204 S. Main St., South Bend, Indiana 46601, in the sum of $205.109.00 to be disbursed to the victims identified in the list attached to the presentence report. The defendant shall notify the United States Attorney for this district within 30 days of any change in mailing or residence address that occurs while any portion of the restitution remains unpaid. Restitution shall be due in full immediately and shall be paid in full within 75 days from this order.

Because the defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the sentencing guidelines, the court imposes no fine.

The defendant shall pay to the United States a special assessment of $400.00, which shall be due immediately.


ENTERED:     January 20, 2009


    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court


cc:   Gabriele Eye Institute
      G. Horn, Jr.
      D. Schmid
      USM

USPO